IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT KINKUS, | : | |
| Plaintiff, | : | |
| v. | : | Case No. C2-05-930 |
| THE VILLAGE OF YORKVILLE, *et al.*, | : | JUDGE ALGENON L. MARBLEY |
| | : | Magistrate Judge King |
| Defendants. | : | |

## ORDER AND OPINION

### I.  INTRODUCTION

This matter comes before the Court on Plaintiff Robert Kinkus' Motion for Partial Summary Judgment against Defendant Officer James Popp.[1]  For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion for Partial Summary Judgment against Defendant Popp.

### II.  BACKGROUND

#### A.  Facts

On September 18, 2004, weather conditions caused a flood in Yorkville, Ohio.[2]  Because of the rising floodwaters, many of Yorkville's streets were closed to traffic, including Ohio Route 7, the major street running through the Ohio River Valley.

---

[1] Defendant Popp has filed his own Motion for Summary Judgment, arguing qualified immunity.  Also, Plaintiff has filed two subsequent motions for partial summary judgment on his remaining claims.  Notably, none of those motions is addressed in this Opinion because they are not yet ripe for decision.

[2] Yorkville is a village in Belmont and Jefferson counties in Ohio.  It is part of the Wheeling, West Virginia Metropolitan Statistical Area.

On the day of the flood in Yorkville, Ohio, Officer James Popp (hereafter, "Officer Popp" or "Popp"), a police officer with the Yorkville Police Department, was patrolling the low-lying south side area of Yorkville when he encountered Jim Bailey ("Bailey"), a fireman with the Yorkville Fire Department. During a conversation between Officer Popp and Bailey, a woman approached them and requested that they remove some barricades that were blocking Fayette Street so that she could move her vehicle. Popp and Bailey agreed to move the barricades from Fayette Street temporarily for the woman.

After they moved the barricades from Fayette Street, Officer Popp and Bailey observed a white jeep (hereafter, the "Jeep") pull into the area that was formerly blocked off, and they saw the Jeep park in the middle of Fayette Street. Unaware of who was driving the Jeep, Officer Popp and Bailey walked toward it to determine why the driver had parked in that area. When they approached the Jeep, Popp and Bailey identified the driver as Plaintiff, who is a member of the Yorkville Village Council and the assistant fire chief for the Yorkville Fire Department. The Jeep was parked in the middle of the Street in front of Plaintiff's residence. Officer Popp and Plaintiff conversed about why the Jeep was parked in the middle of the Street.[3] Plaintiff did not move the Jeep from the middle of the Street after his conversation with Officer Popp, and Popp and Bailey eventually left the area. Officer Popp did not file any charges against Plaintiff on September 18, 2004.

---

[3] The actual content of the conversation between Officer Popp and Plaintiff is in dispute. Popp alleges that Plaintiff loudly and rudely refused to move the Jeep, using curse words, despite the fact that there was an ongoing emergency situation. Plaintiff, on the other hand, states that, while he may have been angry at the time, he never refused to comply with Officer Popp's verbal orders because Popp never ordered him to move the Jeep. During his deposition in this case, Plaintiff testified that he never cursed during his conversation with Popp on September 18, 2004.

After discussing this incident with other officers in the Yorkville Police Department, Officer Popp filed a criminal complaint against Plaintiff on October 21, 2004 (the "Criminal Complaint"), which accused Plaintiff of committing disorderly conduct on September 18, 2004. Plaintiff was not arrested or jailed as a result of the Criminal Complaint; rather, Plaintiff simply was presented with a criminal summons. After a short bench trial in state court, Plaintiff was acquitted of disorderly conduct on December 30, 2004.

### B. Procedural History

On October 11, 2005, Plaintiff filed a complaint in federal court against the Village of Yorkville, Ohio, Yorkville Police Chief Gary Anderson, and Officer Popp (collectively, "Defendants"). Plaintiff's complaint alleges that Defendants are liable to him under three separate legal bases: (1) that Defendants' acts "constitute violations of the rights of Mr. Kinkus guaranteed by 42 U.S.C. § 1983, and the First, Fourth, and Fourteenth Amendments to the United States Constitution"; (2) that Defendants' acts "constituted an unlawful civil conspiracy to violate [Plaintiff's] rights"; and (3) that Defendants' acts "were proximately caused by certain customs and policies engaged in by Defendant Village of Yorkville, including but not limited to a failure to adequately train, supervise, and discipline officers regarding the constitutional rights of citizens; and the ratification and approval of retaliatory prosecutions to silence critics." Pl.'s Compl. at 5. Plaintiff seeks from Defendants an award of compensatory and punitive damages, reasonable attorney fees, and court costs.

On January 10, 2006, Plaintiff filed a Motion for Partial Summary Judgment on its claims against Officer Popp ("Plaintiff's Motion"). In particular, Plaintiff argues that Popp filed a charge of disorderly conduct against him which lacked probable cause and violated his First

Amendment rights. Popp initially responded timely to Plaintiff's Motion on February 3, 2006, and Plaintiff replied on February 14, 2006. On April 20, 2006, Defendants noticed the Court that they had substituted their trial counsel. After retaining new counsel, Officer Popp supplemented his response to Plaintiff's Motion on August 11, 2006. On August 18, 2006, Plaintiff replied to Officer Popp's supplemental response. Accordingly, Plaintiff's Motion is now ripe for decision.

## III.  STANDARD OF REVIEW

Summary judgment is appropriate "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the non-moving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). In response, the non-moving party must then present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993) (citations omitted).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The Court also must interpret all reasonable inferences in the non-movant's favor. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (stating that the court must draw all reasonable inferences in favor of

4

the non-moving party and must refrain from making credibility determinations or weighing the evidence). The existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; however, there must be evidence from which the jury reasonably could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (finding summary judgment appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party").

## IV. ANALYSIS

Plaintiff's Motion seeks partial summary judgment against Officer Popp on two of his claims under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must satisfy two elements: (1) that the defendant acted under color of state law, and (2) that the defendant deprived the plaintiff of a federal statutory or constitutional right. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). As to the first element of Plaintiff's § 1983 claims, it appears that the parties agree that Officer Popp was acting under color of state law when he filed disorderly conduct charges against Plaintiff because he did so in his official capacity as a police officer. As to the second element, Plaintiff first alleges that Popp violated his Fourth Amendment rights when he filed the

5

Criminal Complaint against Plaintiff without probable cause. Additionally, Plaintiff alleges that Officer Popp filed the Criminal Complaint in retaliation for Plaintiff's exercise of his First Amendment rights. The Court will address each of these claims seriatim.

### A. Plaintiff's Fourth Amendment Claim

Plaintiff moves this Court for partial summary judgment on his malicious prosecution claim against Officer Popp with regard to the offense of disorderly conduct. In the Sixth Circuit, malicious prosecution is recognized as a separate constitutionally cognizable claim under the Fourth Amendment. *Barnes v. Wright*, 449 F.3d 709, 715 (6th Cir. 2006) (quoting *Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003)). A malicious prosecution claim encompasses wrongful investigation, prosecution, conviction, and incarceration. *Id*. at 716 (citations omitted). While the Sixth Circuit "has yet to resolve the elements of a federal malicious prosecution claim, it is clear that a plaintiff must show, at a minimum, 'that there was no probable cause to justify [his] arrest and prosecution.'" *Id*. (quoting *City of Columbus*, 328 F.3d at 259) (alteration in original). The relevant Ohio statute prohibits disorderly conduct with the following language: "No person shall recklessly cause inconvenience, annoyance, or alarm to another by making unreasonable noise or an offensively coarse utterance, gesture or display, or communicating unwarranted and grossly abusive language to any person[.]" OHIO REV. CODE § 2917.11(A)(2). Plaintiff contends that Officer Popp did not have probable cause to file a disorderly conduct charge against him because his speech was protected by the First Amendment. Popp counters that he did have probable cause to file the Criminal Complaint, and he asserts two arguments to support that position.

6

### 1.  Whether Officer Popp Had Reasonable Information to Believe That Plaintiff Committed a Criminal Offense

Officer Popp initially asserts that Plaintiff's Fourth Amendment claim fails because Popp had probable cause to file the Criminal Complaint.  The test to determine whether an officer had probable cause to make an arrest is "whether, at the instant of the arrest, 'the facts and circumstances within [the officer's] knowledge and of which [he] had reasonable trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] has committed or was committing an offense.'" *Diamond v. Howd*, 288 F.3d 932, 936–37 (6th Cir. 2002) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).  Significantly, an officer may not base his probable cause determination on speech protected by the First Amendment.  *Sandul v. Larion*, 119 F.3d 1250, 1256 (6th Cir. 1997).

According to Popp, Plaintiff committed disorderly conduct on September 18, 2004 by causing "inconvenience, annoyance and alarm to Officer Popp, Mr. Bailey, and the residents of Yorkville itself due to the emergency situation by arguing with Officer Popp and refusing to remove the Jeep despite understanding Officer Popp's request to have it moved."  Def. Popp's Mem. Contra at 13.  Officer Popp claims that he had sufficient information to file the Criminal Complaint on October 21, 2004 based upon Plaintiff's failure to comply with Officer Popp's order to move the Jeep.[4]  Additionally, Popp asserts that he could have charged Plaintiff for various other crimes, including violations of Ohio Revised Code §§ 2921.331(A),[5]

---

[4] Plaintiff insists that, while he may have known that Popp wanted him to move the Jeep from the middle of Fayette Street, Officer Popp never explicitly asked him to move the vehicle.

[5] Section 2921.331(A), prohibiting the failure to comply with an order or signal of a police officer, provides that "[n]o person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic."  OHIO REV.

2917.11(A)(1),[6] 2917.11(A)(4),[7] 2917.13(A)(1),[8] 2917.13(A)(3),[9] and 2921.31(A).[10]

After this Court views the facts of this case in a light most favorable to non-movant Popp, it must determine whether the disorderly conduct charge filed against Plaintiff lacked probable cause. Assuming Plaintiff used profane language during his conversation with Officer Popp, the content of Plaintiff's speech is protected by the First Amendment. *See Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942) (holding that fighting words are the only type of language denied First Amendment protection); *see also R.A.V. v. City of St. Paul*, 505 U.S. 377, 386

---

CODE § 2921.331(A).

[6]Section 2917.11(A)(1), prohibiting disorderly conduct, provides that "[n]o person shall recklessly cause inconvenience, annoyance, or alarm to another by engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior." OHIO REV. CODE § 2917.11(A)(1).

[7]Section 2917.11(A)(4), prohibiting disorderly conduct, provides that "[n]o person shall recklessly cause inconvenience, annoyance, or alarm to another by hindering or preventing the movement of persons on a public street, road, highway or right-of-way, or to, from, within, or upon public or private property, so as to interfere with the rights of others, and any act that serves no lawful and reasonable purpose of the offender." OHIO REV. CODE § 2917.11(A)(4).

[8]Section 2917.13(A)(1), prohibiting misconduct at an emergency, provides that "[n]o person shall hamper the lawful operations of any law enforcement officer, firefighter, rescuer, medical person, emergency medical services person, or other authorized person, engaged in the person's duties at the scene of a fire, accident, disaster, riot or emergency of any kind. OHIO REV. CODE § 2917.13(A)(1).

[9]Section 2917.13(A)(3), prohibiting misconduct at an emergency, provides that "[n]o person shall fail to obey the lawful order of any law enforcement officer engaged in the law enforcement officer's duties at the scene of or in connection with a fire, accident, disaster, riot or emergency of any kind. OHIO REV. CODE § 2917.13(A)(3).

[10]Section 2921.31(A), prohibiting the obstructing of official business, provides that "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties." OHIO REV. CODE § 2921.31(A).

8

(1992) (holding that even though a particular "mode of speech" (such as fighting words) may not be protected by the First Amendment, "the underlying message" still receives First Amendment protection). Here, Officer Popp, during his testimony for the criminal trial in state court, conceded that Plaintiff had not used fighting words on September 18, 2004. Accordingly, any charge that Officer Popp filed against Plaintiff based upon the content of Plaintiff's speech lacked probable cause as a matter of law because such a charge violates Plaintiff's First Amendment rights. *See R.A.V.*, 505 U.S. at 386; *Chaplinsky*, 315 U.S. at 572. Because Popp's sole basis for filing the disorderly conduct charge against Plaintiff rested upon Plaintiff's speech, and because Plaintiff's speech did not constitute fighting words, Popp did not have reasonable information to believe that Plaintiff had committed a criminal offense. *See Swiecicki v. Delgado*, --- F.3d ---, 2006 WL 2639793, at *10 (6th Cir. Sept. 15, 2006). Therefore, Officer Popp did not have probable cause to file the Criminal Complaint.

Alternatively, Popp claims that he had probable cause to file the Criminal Complaint because Plaintiff allegedly had committed various other crimes on September 18, 2004, including failure to comply with a police officer's order. The Court is not compelled by this argument. As a threshold matter, Officer Popp does not offer any evidence to indicate that he ever issued a specific verbal order to Plaintiff on the night in question. While Popp now submits that Plaintiff knew or should have known that the officer wanted him to move the Jeep from the middle of the Street, he never asserts that he had ordered Plaintiff to move the vehicle explicitly. Obviously, this Court cannot find that Popp had probable cause to file the Criminal Complaint based upon Plaintiff's failure to comply with an order that never was issued. Additionally, based upon the undisputed facts, this Court cannot find that probable cause supports the Criminal

Complaint based on any other crime that Plaintiff allegedly committed on September 18, 2004. The Court acknowledges other courts' rulings that "even if probable cause does not exist for the crime charged, proof of probable cause to arrest [an individual] on a closely related charge is also a defense,"[11] but the circumstances here do not support such a finding.  Popp filed the Criminal Complaint on October 21, 2004, more than a month beyond the date that the alleged criminal acts occurred.  Officer Popp had more than enough time to investigate this case and to file the appropriate charges against Plaintiff.  If Popp thought that Plaintiff had committed some crime other than the disorderly conduct charge at issue, then he should have filed those charges. This Court will not now allow Officer Popp effectively to revise or to amend the specific criminal charges he filed against Plaintiff when Popp had ample opportunity to do so two years ago, but he chose not to.

    2.  Whether the Prosecutor's Independent Decision to Pursue the Criminal Complaint
is Conclusive Evidence of Probable Cause

Furthermore, Officer Popp argues that Prosecutor Thomas's independent decision to prosecute Plaintiff on the disorderly conduct charge is conclusive proof that the Criminal Complaint was supported by probable cause.  To create this argument,  Popp relies upon a body of law providing that probable cause for an arrest is presumed after a criminal indictment is filed. In particular, the court in *Barnes v. Wright* found that "the filing of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer."  449 F.3d at 716 (quoting *Higgason v.*

---

[11]*Kelly v. Myler*, 149 F.3d 641, 647–48 (7th Cir. 1998); *see also Avery v. King*, 110 F.3d 12, 14 (6th Cir. 1997) (same); *Bennett v. Schroeder*, 2004 WL 1193963, at *8 (6th Cir. May 27, 2004) (same).

10

*Stephens*, 288 F.3d 868, 877 (6th Cir. 2002)). "Therefore, [if a plaintiff] is indicted pursuant to a determination made by the grand jury, he has no basis for his constitutional claim." *Id*. (quoting *Higgason*, 288 F.3d at 877).

This Court concludes that the legal principle articulated in *Barnes* does not apply to this case. No grand jury ever indicted Plaintiff based upon the facts which form the basis of the Criminal Complaint. The disorderly conduct charge filed against Plaintiff was merely a misdemeanor crime, so it was issued by Officer Popp alone without a grand jury's imprimatur, in accordance with Ohio law. *See City of Cleveland Heights v. Perryman*, 457 N.E.2d 926, 930 (Ohio App. 8th Dist. 1983). Popp does not cite any legal authority that extends *Barnes* beyond matters considered by a grand jury. Because the Court concludes that the principle referred to in *Barnes* applies exclusively to matters taken before a duly-empaneled grand jury, it will not invoke that rule in this case. Therefore, Officer Popp has not established that the Criminal Complaint is supported by probable cause based solely upon Prosecutor Thomas' decision to prosecute Plaintiff for disorderly conduct.

### B. Plaintiff's First Amendment Claim

Plaintiff also moves this Court for partial summary judgment with respect to his claim that Officer Popp filed the Criminal Complaint in retaliation for Plaintiff criticizing him. Generally, "[t]here can be no doubt that the freedom to express disagreement with state action, without fear of reprisal based on the expression, is unequivocally among the protections provided by the First Amendment." *Barnes*, 449 F.3d at 717 (quoting *McCurdy v. Montgomery County*, 240 F.3d 512, 520 (6th Cir. 2001)). As the Supreme Court has explained, "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking

11

arrest is one of the principle characteristics by which we distinguish a free nation from a police state." *City of Houston v. Hill*, 482 U.S. 451, 462–63 (1987).

Until recently, the Sixth Circuit had established that "[a]n act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper." *Greene v. Barber*, 310 F.3d 889, 896 (6th Cir. 2002) (quoting *Bloch v. Ribar*, 156 F.3d 673, 681–82 (6th Cir. 1998)) (internal quotation marks omitted). The United States Supreme Court, however, recently held that in order for a plaintiff to prevail in a 42 U.S.C. § 1983 claim for retaliatory prosecution, he must prove a lack of probable cause. *Hartman v. Moore*, --- U.S. ---, 126 S.Ct. 1695 (2006); *see also Barnes*, 449 F.3d at 719–20 (applying the *Hartman* rule). The Court provided two reasons for requiring this element in retaliatory prosecution cases: (1) because the issue of probable cause will likely be relevant in "any retaliatory-prosecution case," *id*. at 1704; and (2) because "the requisite causation between the defendant's retaliatory animus and the plaintiff's injury is usually more complex than it is in other retaliation cases," *id*.

Pursuant to *McCurdy, Hill*, and *Chaplinsky*, Plaintiff's statements toward Officer Popp on September 18, 2004 are protected by the First Amendment unless they rose to the level of fighting words. *See Swiecicki*, --- F.3d ---, 2006 WL 2639793 at *13; *Greene*, 310 F.3d 889 (holding that the First Amendment prohibited a police officer from retaliating against a plaintiff who called him an a**hole); *McCurdy*, 240 F.3d at 512, 515 (holding that an officer violated a plaintiff's First Amendment rights when the arrest was based on the plaintiff's verbal challenge

12

of "what the f**k do you want?").[12]  And again, Popp has conceded in his previous testimony that Plaintiff did not use fighting words.  As noted previously, Officer Popp has not asserted constitutionally-acceptable probable cause for filing a disorderly conduct charge against Plaintiff.  Because Officer Popp lacked probable cause to file the Criminal Complaint, and because Plaintiff's speech toward Officer Popp on September 18, 2004 was protected by the First Amendment, this Court **GRANTS** Plaintiff's Motion for Partial Summary Judgment against Officer Popp on Plaintiff's First Amendment retaliation claim.

### V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment against Officer Popp is **GRANTED**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 28, 2006**

---

[12] Ohio law also prohibits a person from being punished under Ohio Revised Code § 2917.11(A)(2) unless the words spoken "are likely, by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of the peace." *State v. Hoffman*, 387 N.E.2d 239, 242 (Ohio 1979).